IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEHA SINGHAL | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 19-cv-1362 |
| | § | |
| BAYLOR COLLEGE OF MEDICINE | § | |
| | § | JURY TRIAL DEMANDED |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
SUMMARY JUDGMENT EVIDENCE
AND MOTION TO STRIKE**

Under Rule 56(c)(2), Plaintiff Neha Singhal objects to and moves to strike certain evidence submitted by Defendant Baylor College of Medicine in its Motion for Summary Judgment filed on June 19, 2020. *See Docket #28*.

AUTHORITIES

To be considered by a court, the contents of summary judgment evidence must be generally admissible. *Garcia v. U Pull It Auto & Truck Salvage, Inc.*, 657 F. App'x 293, 297 (5th Cir. 2016).

Declarations offered as part of the summary judgment record do not comply with Rule 56(c) if they contain conclusory statements or conjecture unsupported by fact. *See Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219-220 (5th Cir. 2015). Similarly insufficient are declarations that are not based on the affiant's personal knowledge, do not affirmatively demonstrate the affiant's competency to testify to the matters contained in the affidavit, or do not contain specific facts. *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994); *Miller v. GRE*

1

*Corp.*, 788 F. Supp. 312, 315 (S.D. Tex. 1991).  Also, a declaration must not contain hearsay or subjective beliefs.  *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); FED. R. EVID. 801, 802.  Finally, any statements made in a declaration that are contradictory to prior deposition testimony should be disregarded.  *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002).

Singhal will also use the following designations for objections to Baylor's evidence based on the indicated Rules of Evidence:

- "Lack of Personal Knowledge" – FRE 602
- "Conclusory" – FRE 401 and 701
- "Irrelevant" – FRE 401
- "Hearsay" – FRE 801 and 802

SPECIFIC OBJECTIONS AND ARGUMENTS

I. <u>Transcripts of audio recordings (*Docket #28-2, pp. 214-236 (Ex. A-37); pp. 237-249 (Ex. A-38); pp. 250-251 (Ex. A-39); pp. 252-257 (Ex. A-40); pp. 258-267 (Ex. A-41)*)</u>

Baylor attached transcripts of five audio recordings.  However, Baylor failed to lay any foundation for these transcripts.  *See* FED. R. EVID. 901.  Therefore, these are inadmissible hearsay.  Furthermore, the actual audio recordings should have been used instead, thus making these transcripts also inadmissible under Rule 1002 of the Federal Rules of Evidence.  *See* FED. R. EVID. 1002.

II. <u>Portions of Rock Morille's Declaration (*Docket #28-17, Exhibit P*)</u>

a) *Paragraph #3, last sentence* – Contradicts prior deposition testimony.  Morille testified about other doors that had been automated (the "Smith" doors).  *Ex. #1, 18:24 – 20:1*.  As indicated, this is the only time in about 10 years that a door has been automated.  *Id., 19:1-12*.  Morille testified that, with respect to potential maintenance, he has no knowledge of the Smith doors ever needing to be repaired.  *Id., 24:12-23*.  Therefore,

2

Morille's statement about potential maintenance costs running "thousands of dollars each time a contractor is engaged to repair these types of automatic doors" is contradictory to his prior testimony. Furthermore, this statement is also inadmissible because it's conclusory, vague, and based on a lack of personal knowledge.

b) *Paragraph #4* – Contradicts prior deposition testimony. Morille testified he did not use any special equipment to measure the force and that he apparently relied on Baylor's alleged consultants for this information. *Id., 26:23 – 28:1; 39:4-40:3*. Furthermore, the first sentence (regarding alleged ADA requirements) is conclusory and based on a lack of personal knowledge. It also contradicts his prior deposition testimony, as he has acknowledged in his over 30 years of employment with Baylor, he has never received any training relating to disability accommodation issues. *Id., 30:11-14*. Finally, the last two sentences are irrelevant. Specifically, Morille's alleged analysis of the door a week after his deposition (and nearly three years after the issue arose) does not show how the door was functioning in June 2017. This is also irrelevant because whether or not the door was "heavy" was irrelevant. The issue was the swing of the door, given its size, as Singhal had to pull open the door towards her while reaching from her wheelchair. This would result in the door hitting her wheelchair and, therefore, making it impossible for her to get through.

III. <u>Portions of Arun Sreekumar's Declaration (*Docket #28-15, Exhibit N*)</u>

a) *Paragraph #9, second bullet point last phrase ("…so I again instructed…")*. Hearsay.

b) *Paragraph #13, second bullet point, last sentence ("I instructed…")*. Hearsay.

c) *Paragraph #13, third bullet point, last sentence ("I instructed…")*. Hearsay.

    d) *Paragraph #14 beginning from "I attended a meeting on December 4, 2017…" through "… months of her assignment."* As discussed in Singhal's Motion for Partial Summary Judgment (*Docket #26, pp. 7-8, 11-12*), Baylor refused to allow Singhal to obtain any details regarding this December 4, 2017 meeting based on the attorney-client privilege. Therefore, it cannot now try to provide an explanation as to its reasoning or even try to state her request was allegedly "unreasonable." *See Willy v. Admin Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) (stating that a party cannot use the attorney-client privilege as "both a shield and a sword").

    Furthermore, Sreekumar's statement that "it was unreasonable to automate lab door 120D" or the alleged "more reasonable option" is also inadmissible because it's conclusory, vague, calls for a legal conclusion, and based on a lack of personal knowledge. Baylor provided no explanation as to *why* Singhal's request was unreasonable between April and November 2017, or *why* unilaterally forcing a scientist to stay at home rather than discuss alternatives to working is allegedly reasonable.

    e) *Paragraph #15, sentence starting with "In any event, I told…"* Hearsay.

IV.    <u>Exhibit M (*Docket 28-14;* filed under seal)</u>

Exhibit M is a one-page document Bates labeled BCM 006944. This was produced to Singhal on June 18, 2020 (one day before it filed its summary judgment motion).[1] *Ex. #2*. The discovery deadline was March 27, 2020. Baylor has provided no explanation as to why this document was produced so late or why it violated the Court's July 15, 2019 Scheduling Order (*Docket #15*) regarding the discovery deadline. Accordingly, Exhibit M should be struck and deemed inadmissible.

---

[1] Baylor also just produced another 150 pages of documents on July 7, 2020, including documents it appears to have had in its possession since late 2019 and early 2020. *Ex. #3*.

<u>CONCLUSION AND PRAYER</u>

Based on the foregoing, Singhal objects to the above-referenced evidence attached to Baylor's Motion for Summary Judgment and accordingly requests that the Court strike it from evidence.

Singhal requests any other relief to which she may be entitled.

                                              Respectfully submitted,

Date: July 10, 2020                        SUD LAW P.C.

                                              */s/ Nitin Sud*
                                              Nitin Sud
                                              State Bar No. 24051399
                                              Fed. ID No. 611307
                                              6750 West Loop South
                                              Suite 920
                                              Bellaire, Texas 77401
                                              Phone: 832-623-6420
                                              Fax:    832-304-2552
                                              Email: nsud@sudemploymentlaw.com

                                     Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following attorneys via the Court's electronic filing service on July 10, 2020:

        Nehal Anand
        nanand@littler.com
        Luke C. MacDowall
        lmacdowall@littler.com
        Littler Mendelson, P.C.
        1301 McKinney Street
        Suite 1900
        Houston, Texas 77010

                                              */s/ Nitin Sud*
                                              Nitin Sud